IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-282 |
| vs. | |
| ALEX OGUNSHAKIN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 50) and moved for a downward variance (filing 52).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report in several respects. Filing 50. Many of those objections, the Court notes, do not affect the guidelines sentencing range. *See* filing 50. Nonetheless, while the Court is not obliged to resolve every disputed issue and amend the presentence report accordingly, the Court is required by Fed. R. Crim. P. 32(i)(3) to either resolve those disputes or determine that a ruling is unnecessary, and append a copy of those determinations to the presentence report in its statement of reasons. *United States v. Conrad*, 74 F.4th 957, 959 (8th Cir. 2023).

And when the defendant objects to specific factual allegations in the presentence report, the Court may not rely on those facts unless the government proves them by a preponderance of the evidence. *United States v. Ahmed*, 103 F.4th 1318, 1323 (8th Cir. 2024); *see United States v. Campos*, 79 F.4th 903, 917 (8th Cir. 2023). The Court will, therefore,

    resolve the defendant's objections to the extent necessary based on the evidence at sentencing.[1]

    The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 53; *see also* filing 55. That motion will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

---

[1] The Court notes that some of the objections dispute accounts of the defendant's activities that came from an unnamed cooperating witness, or from a Nigerian law enforcement interview of a co-defendant who has not, so far as the Court is aware, been extradited. *See* filing 50 at 2-3 (objecting to ¶¶ 31 and 37). The Court also notes the Eighth Circuit's decision in *Campos*, in which the Court of Appeals held that the government failed to meet its burden to prove factual allegations in a presentence report to which a defendant had objected, when the government "made no effort at sentencing to bolster the reliability" of the hearsay statements supporting those allegations. 79 F.4th at 917. Instead, the government "merely established where the contested allegations . . . came from," which the Court of Appeals held insufficient as a matter of law to support the sentencing court's findings. *Id.* at 917-18.

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 23rd day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge